# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No.: | CV 19-03304-AB (JCx) | Date: | July 8, 2019 |
|---|---|---|---|

| Title: | *Marciela Gutierrez v. Johnson and Johnson, et al.* |
|---|---|

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [12] (JS-6)

Before the Court is a Motion to Remand ("Motion," Dkt. No. 12), filed by Plaintiff Marciela Gutierrez ("Plaintiff"). Defendants Johnson & Johnson and Johnson & Johnson Consumer, Inc. (collectively, "Defendants") filed an opposition, and Plaintiff filed a reply. (Dkt. Nos. 13, 18.) The Court resolves the Motion without oral argument and **VACATES** the hearing set for July 12, 2019. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Motion is **GRANTED**.

## DISCUSSION

Plaintiff initially filed this action in Los Angeles County Superior Court, asserting purely state-law claims against Defendants for allegedly exposing Plaintiff to talcum powder containing asbestos that caused Plaintiff's mesothelioma and/or wrongful death. (Dkt. Nos. 1, 12.) Defendants removed the action on April 24, 2019, alleging that there is subject matter jurisdiction because Plaintiff's claim is related to a pending bankruptcy filed by Defendant Imerys Talc America, Inc. ("Imerys"), the talcum powder supplier. Thus, Defendants allege that this Court has jurisdiction under 28 U.S.C. § 1452(a),

Removal of Claims related to Bankruptcy Cases, which allows a party to "remove any claim or cause of action in a civil action . . . to the district court for the district where such action is pending." Once the claim is removed, the court to which the claim has been removed "may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). Assuming the Court does have jurisdiction over the action, the Court concludes that equitable grounds support remand.

Courts have looked to several factors in assessing whether "equitable grounds" exist to remand actions removed under § 1452(a):

> These factors have included, among other things, judicial economy, comity and respect for state law decision-making capabilities, the impact that remand would have upon the orderly administration of the debtor's bankruptcy case, the effect of bifurcating claims and parties to an action and the possibilities of inconsistent results the predominance of state law issues and nondebtor parties, and the extent of any prejudice to nondebtor parties.

*In re TIG Ins. Co.*, 264 B.R. 661, 665–66 (Bankr. S.D. Cal. 2001) (citing *W. Helicopters, Inc. v. Hiller Aviation, Inc.*, 97 B.R. 1, 2 (E.D. Cal. 1988)). The "on any equitable ground" standard "affords an unusually broad grant of authority," under which the Court may remand "if any one of the relevant factors . . . provide a sufficient basis for equitable remand." *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 447 B.R. 302, 310 (C.D. Cal. 2010) (quoting *In re Roman Catholic Bishop of San Diego*, 374 B.R. 756, 761 (S.D. Cal. 2007)).

Defendants removed the action to this Court with the intention of moving to transfer it to the United States District Court for the District of Delaware ("District of Delaware"), where Imerys filed its bankruptcy petition. (*See* Notice of Removal ¶ 7, Dkt. No. 1.) Defendants filed a Motion to Fix Venue in the District of Delaware for claims related to Imerys's bankruptcy under 28 U.S.C. §§ 157(b)(5) and 1334(b) in an effort to centralize the thousands of pending claims. (Dkt. No. 1-4, Ex. C, pt. 2.) Defendants argue that the District of Delaware has the "sole authority" to fix venue in this action and thus, this Court should await the District of Delaware's decision on the venue motion before issuing a ruling on this Motion. (Dkt. No. 13 at 10.)

Here, Plaintiff, a California resident, commenced this action in state court. Forcing Plaintiff, who is suffering from mesothelioma, to wait and litigate in an inconvenient, out-of-state forum would be inequitable. Plaintiff would be further prejudiced by the removal of this action to federal court because Plaintiff's claims have been pending in state court since January 2019 and are the subject of statewide proceedings with other related actions in state court. (*See* Dkt. No. 1-1.) Coordination of these actions minimizes the number of inconsistent rulings. Uniformity further favors remand because a number

of courts in this district have remanded similar cases on the same grounds. (Dkt. No. 19.) Judicial economy also supports remand because litigating in this Court would unnecessarily duplicate judicial resources. Finally, comity favors remanding this case to state court because Plaintiff alleges only state law claims. *See Estate of Scott v. Cervantes*, No. CV 08-03293 MMM (CWx), 2008 WL 11337657, at *4 (C.D. Cal. July 29, 2008) ("Where issues of state law predominate, comity . . . favors remand."); *see also McCarthy*, 230 B.R at 418 ("State courts are, by definition, fully competent to resolve disputes governed by state law.").

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand and directs the Clerk to **REMAND** this action to Los Angeles County Superior Court.

**IT IS SO ORDERED.**